**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
                              )
JOEL QUILES,                  )
                              )
              Petitioner,     )
                              )          Civil Action
v.                            )          No. 23-cv-10497-PBS
                              )
DEAN GRAY,                    )
                              )
              Respondent.     )
_____)
```

**ORDER ON REPORT AND RECOMMENDATION ON PETITION FOR WRIT OF**
**HABEAS CORPUS**

March 24, 2026

Saris, J.

Both parties have filed objections (Dkts. 39, 40) to the report and recommendation of the Magistrate Judge (Dkt. 35). After de novo review of the objections, I adopt the report and recommendation and deny Petitioner Joel Quiles' petition for habeas corpus.

The Court assumes familiarity with the decisions of the Massachusetts Supreme Judicial Court ("SJC"), see Commonwealth v. Quiles, 173 N.E.3d 1 (Mass. 2021), and of the Magistrate Judge. In short, when the jury returned their initial verdict slip, the trial judge mistakenly interpreted it as acquitting Quiles on all theories of first degree murder. See id. at 7. Based on the answers on the verdict slip, the judge stated at sidebar: "[A]s a matter of law, that's merger. And [Quiles] is not guilty of felony

1

murder." Dkt. 13-14 at 71. The judge then instructed the jury in open court that their "answers d[id] not support a conviction for first degree murder" and that "the only issue for [them] to decide now [wa]s whether or not the defendant is guilty or not guilty of second degree murder." Id. at 73; see Quiles, 173 N.E.3d at 7. The jury deliberated for another hour before being excused for the day. See Quiles, 173 N.E.3d at 7. The following morning, the judge corrected his erroneous interpretation of the verdict slip by reinstructing the jury to consider certain theories of first degree murder, including felony murder predicated on armed robbery. See id. at 7-8. The jury subsequently convicted Quiles of felony murder predicated on armed robbery. See id. at 8.

Quiles' petition argues that the trial judge's actions after review of the initial verdict slip amounted to an acquittal on first degree murder and, thus, that directing the jury to further consider that charge violated his Fifth Amendment protection against double jeopardy. In rejecting Quiles' double jeopardy claim, the SJC stated that "the jury's initial verdict slip was silent on felony-murder predicated on armed robbery" and that this "silence d[id] not amount to an acquittal." Id. at 14. The SJC's decision did not discuss the long line of U.S. Supreme Court cases addressing double jeopardy claims based on erroneous acquittals by trial judges. See, e.g., Evans v. Michigan, 568 U.S. 313 (2013); Smith v. Massachusetts, 543 U.S. 462 (2005); Price v. Vincent, 538

2

U.S. 634 (2003); Arizona v. Rumsey, 467 U.S. 203 (1984); Sanabria v. United States, 437 U.S. 54 (1978); United States v. Martin Linen Supply Co., 430 U.S. 564 (1977); Fong Foo v. United States, 369 U.S. 141 (1962) (per curiam). This omission is unsurprising because this line of cases was not highlighted either in Quiles' briefing on double jeopardy, the substance of which focused on whether the jury's initial verdict constituted an acquittal, or at oral argument. Only in his motion for reconsideration, which the SJC summarily denied, did Quiles refine his double jeopardy claim into a court-ordered acquittal theory. While Quiles did not squarely present this theory to the SJC, the Court agrees with the Magistrate Judge that his presentation was sufficient to exhaust state remedies. See Jaynes v. Mitchell, 824 F.3d 187, 192 (1st Cir. 2016) ("[A] petitioner must have tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." (quoting Sanchez v. Roden, 753 F.3d 279, 294 (1st Cir. 2014))).

Quiles concedes that the SJC adjudicated his double jeopardy claim on the merits such that this Court must apply the deferential standard outlined in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Shinn v. Kayer, 592 U.S. 111, 112 (2020) (per curiam). Quiles argues that he may be granted habeas relief under this standard because the SJC's denial of his claim was

3

"contrary to . . . clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1).[1] "[A] state-court decision is contrary to clearly established federal law if the state court employs a rule that contradicts an existing Supreme Court precedent or if it reaches a different result on facts materially indistinguishable from those of the controlling Supreme Court precedent." Garrey v. Kelly, 162 F.4th 27, 38 (1st Cir. 2025) (alteration in original) (quoting Janosky v. St. Amand, 594 F.3d 39, 47 (1st Cir. 2010)).

After reviewing the caselaw, the Magistrate Judge concluded that the SJC's decision was not contrary to clearly established federal law. He reasoned that "no Supreme Court decision has held that an initial misinterpretation of a verdict slip followed by a correction during ongoing jury deliberations amounts to an acquittal." Dkt. 35 at 33.

While this is a very close case, I agree with the Magistrate Judge's conclusion. Quiles contends that the SJC applied the wrong legal rule by finding no double jeopardy violation where the trial judge acquitted him of first degree murder, reversed that decision, and then allowed the jury convict on that charge. See Smith, 543

---

[1] The Magistrate Judge concluded that Quiles had waived his argument that the SJC's rejection of his claim was "an unreasonable application of[] clearly established Federal law." 28 U.S.C. § 2254(d)(1). Quiles does not challenge that conclusion in his objections to the report and recommendation.

U.S. at 467 ("[S]ubjecting the defendant to postacquittal factfinding proceedings going to guilt or innocence violates the Double Jeopardy Clause." (alteration in original) (quoting Smalis v. Pennsylvania, 476 U.S. 140, 145 (1986))). Fairly construed, however, the SJC's decision found that no acquittal occurred in the first place. See Quiles, 173 N.E.3d at 13-14. In so finding, the SJC applied a state-law definition of an acquittal that is comparable to the federal constitutional standard. See Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam) (explaining that the "contrary to" prong of the AEDPA standard requires neither "citation" nor "awareness" of U.S. Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them" (emphasis omitted)). Compare Quiles, 173 N.E.3d at 13 (explaining that "[a]n acquittal occurs where there is a ruling on 'the facts and merits'" (quoting Commonwealth v. Taylor, 159 N.E.3d 143, 156 (Mass. 2020))), with Martinez v. Illinois, 572 U.S. 833, 842 (2014) (defining "acquittal" to mean a ruling that "actually represents a resolution . . . of some or all of the factual elements of the offense charged" (alteration in original) (quoting Martin Linen, 430 U.S. at 571)).

Nor has Quiles identified any U.S. Supreme Court case finding an acquittal under materially indistinguishable circumstances. As the Magistrate Judge noted, Evans, Smith, and other Supreme Court cases on judge-ordered acquittals involved the granting of motions

5

for a judgment of acquittal or directed verdict. See, e.g., Evans, 568 U.S. at 316; Smith, 543 U.S. at 465; Sanabria, 437 U.S. at 59; Martin Linen, 430 U.S. at 566; Fong Foo, 369 U.S. at 142. Here, the relevant ruling by the trial judge concerned his interpretation of the jury verdict, not his own assessment of the sufficiency of the prosecution's evidence. Moreover, in the cases in which the Supreme Court has determined that an acquittal occurred, the trial judge entered a formal judgment or order memorializing his or her ruling that demonstrated that the acquittal was final. See Smith, 543 U.S. at 465 (noting that the defendant's motion was endorsed and the order was entered on the docket); Price, 538 U.S. at 640 (holding that a state court's decision that a trial judge's purported acquittal was not sufficiently final to bar further proceedings was not contrary to clearly established federal law and distinguishing then-existing Supreme Court precedent in part on the basis that in those cases "the trial courts . . . entered formal orders from which appeals were taken"). In this case, the acquittal was reflected in a docket entry but not in a formal order. These distinctions are sufficient to conclude that the SJC's resolution of Quiles' claim was not contrary to clearly established federal law.

Were this Court's review de novo, it very well might find merit in Quiles' double jeopardy claim. See United States v. Fernandez, 722 F.3d 1, 38 & n.27 (1st Cir. 2013) (holding that a

trial judge's dismissal of a charge based on his interpretation of the jury verdict amounted to an acquittal for double jeopardy purposes). The SJC's rejection of the claim, however, was not contrary to clearly established federal law as determined by the U.S. Supreme Court, which bars the grant of habeas relief.

A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a habeas petitioner to show "that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" Buck v. Davis, 580 U.S. 100, 115 (2017) (quoting Miller-El v. Cockrell, 537 U.S. 322, 327 (2003)). A reasonable jurist could come out differently on Quiles' double jeopardy claim given the nature of the trial court's ruling and the significant indicia of finality associated with that ruling.

Accordingly, the Court **ADOPTS** the report and recommendation of the Magistrate Judge (Dkt. 35) and **DENIES** the petition for habeas corpus (Dkt. 1). The Court issues a certificate of appealability with respect to Quiles' Fifth Amendment double jeopardy claim.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge